**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARIA LUCIA GUADALUPE PIMENTEL,<br>Petitioner,<br>v.<br>JEREMY CASEY; W. CUEVAS,<br>Respondents. | Case No.: 26cv4717 DMS (AHG)<br>**ORDER GRANTING PETITION** |

This case comes before the Court on the Amended Petition for Writ of Habeas Corpus. Respondents filed a Return to the Petition, Petitioner filed a Traverse and also filed a supplemental brief on a recent case from the Central District of California, *Vasquez Perdomo v. Mullin*, No. 2:25-cv-05605-MEMF-SP, 2026 WL 2751388 (C.D. Cal. Sept. 2, 2026). For the following reasons, the Amended Petition is granted.

Petitioner is a citizen and national of Mexico. (Pet. at 2.) When she was six or seven years old she was adopted by two U.S. citizens. (*Id.*) She has lived in the United States since then. (*Id.*)

On January 27, 2026, Petitioner and her boyfriend were walking down the street in Westmorland, California when a car pulled up in front of them forcing them to stop. (*Id.*) The persons in the car turned out to be agents of Immigration and Customs Enforcement

("ICE"). (*Id.*) They asked Petitioner and her boyfriend some questions, including where they were born. (*Id.*) When Petitioner said she was born in Mexicali the agents arrested her and transported her to Imperial Regional Detention Facility, where she remains in custody. (*Id.*)

On May 8, 2026, Petitioner, proceeding pro se, filed her first habeas corpus petition in this Court. *See Guadalupe Pimentel v. Casey*, Case No. 26cv2921 DMS (AHG). The Court granted that petition and ordered Respondents to provide Petitioner with a bond hearing. Petitioner was then scheduled for a bond hearing, but she later withdrew that request.

Subsequently, Petitioner filed the present case. The Court appointed counsel to represent Petitioner, and counsel thereafter filed the Amended Petition alleging Petitioner was arrested without a warrant in violation of 8 U.S.C. §§ 1226(a) and 1357(a)(2). Respondents assert a warrant was issued on the day of Petitioner's arrest, therefore the Amended Petition should be denied.

In 1952, Congress enacted the Immigration and Nationality Act ("INA"), Pub. L. No. 82-414, ch. 477, 66 Stat. 163 (codified in U.S.C. Chapter 8). The INA was amended in 1996 by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, Div. C, 110 Stat. 3009 (1996) (codified as amended in U.S.C. Chapter 8). The INA contains two statutory provisions that govern and authorize the detention of noncitizens in removal proceedings: Section 235(b) and Section 236. These provisions are interchangeable with Section 1225(b) and Section 1226, respectively, of Chapter 8 of the United States Code. *See* 8 U.S.C. §§ 1225(b), 1226(a)–(e). Section 1225(b) governs the *mandatory* detention framework of noncitizens arriving at the border, while Section 1226 governs the *discretionary* detention framework of noncitizens apprehended within the interior of the United States. *See generally* U.S.C. §§ 1225(b), 1226; *see also Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026).

The INA regulates the Department of Homeland Security ("DHS")'s power and authority to enforce its provisions. *See* 8 U.S.C. §§ 1103, 1182, 1225, 1226, 1251, 1252,

1357. DHS' rules and regulations are established in the Code of Federal Regulations ("CFR"). *See* C.F.R. § T.8, Ch. 1. The power and duties of DHS immigration officers—Immigration and Customs Enforcement ("ICE"), U.S. Customs and Border Patrol ("CBP"), and U.S. Citizenship and Immigration Services ("USCIS")—are specifically defined in 8 C.F.R. § 287. Together, the provisions established in the INA must be read in congruence with DHS' regulations set forth in the CFR.

Section 1226(a) states, "*On a warrant* issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a) (emphasis added). Read together with DHS' enforcing regulation, a noncitizen "may be arrested and taken into custody" either "at the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed." 8 C.F.R. § 236.1(b)(1). To be clear, the noncitizen may be *lawfully* arrested "under the authority of Form I-200, Warrant of Arrest" only *after* the Notice to Appear ("NTA") is issued. *Id.*

Here, the evidence reflects Petitioner was arrested by ICE on January 27, 2026, in Westmorland, California. (Am. Pet., Ex. A.) Respondents produced an arrest warrant dated that same day, but the warrant reflects it was served on Petitioner in El Centro, not Westmorland. (Resp. to Pet., Ex. A.)

On this record, Respondents have not shown an NTA was issued to Petitioner prior to her arrest, nor have they shown the warrant was issued prior to Petitioner's arrest. Accordingly, the Amended Petition is granted. The Clerk of Court shall enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

Dated: November 13, 2026

Hon. Dana M. Sabraw
United States District Judge